IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROMERIO L. WALKER,
Inmate No. 108533,
    Plaintiff,

vs.                                                    Case No.: 5:13cv213/RS/EMT

MICHAEL CREWS, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections housed at Santa Rosa Correctional Institution, commenced this 42 U.S.C. § 1983 action on June 3, 2013 (doc. 1). He also filed a motion to proceed in forma pauperis (doc. 2).

Title 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act, prohibits a prisoner from proceeding in forma pauperis under certain circumstances. That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the

prisoner "must pay the filing fee at the time he initiates the suit."); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three actions or appeals previously filed by Plaintiff, while incarcerated, which were dismissed as frivolous, malicious, or for failure to state a claim (*see* doc. 1 at 4, 5).[1] *See* Walker v. Hofstad, et al., No. 11-11578-B (11th Cir. Aug. 16, 2011) (dismissing as frivolous appeal, filed by Plaintiff while incarcerated, of district court's dismissal of civil rights complaint); Walker v. Hofstad, et al., No. 8:11-cv-614-T-30TGW, 2011 WL 1298247 (M.D. Fla. Apr. 4, 2011) (unpublished) (dismissing for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b), civil rights complaint filed by Plaintiff while incarcerated); Walker v. Brake, et al., No. 5:94-cv-50179-LC (N.D. Fla. Aug. 8, 1994) (dismissing as malicious, pursuant to 28 U.S.C. § 1915(d) (the predecessor to § 1915(e)(2)), civil rights complaint filed by Plaintiff while incarcerated).[2] Therefore, Plaintiff may not proceed in forma pauperis in the instant case, unless he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

[2] The inmate number of the plaintiff in those cases (#108533) is the same as Plaintiff's.


must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff names as Defendants the Secretary of the Florida Department of Corrections and five employees at Gulf Correctional Institution, where Plaintiff was incarcerated from July of 2011 through May 1, 2013, prior to filing this lawsuit (doc. 1 at 1, 2, 9). Plaintiff alleges that during that time, Defendants Gainey, Ward, and Money interfered with his ability to file grievances, and retaliated against him for filing grievances by damaging his personal property and legal documents, filing false disciplinary reports, placing him in confinement, and applying chemical agents (*id.* at 9–19). He alleges Defendant Bullard, a mental health specialist, refused to provide him mental health assistance (*id.*). Plaintiff alleges Defendants Warden Blackwood and Secretary Crews failed to properly process, review, and investigate his grievances regarding these matters, and failed to properly train employees regarding managing inmates without resorting to unnecessary uses of force and properly documenting uses of force (*id.*). He asserts Defendants' conducted violated his rights under the Eighth and Fourteenth Amendments (*id.* at 16–19). As relief, he seeks monetary damages in the amount of $2,000,000.00 (*id.* at 16). He also seeks an injunction requiring videotaping of all incidents involving the use of force on "isolated inmates," unless exigent circumstances are shown, and a full investigation into all reports of retaliation or excessive force (*id.*).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury. Plaintiff has not shown that the alleged conduct of Defendants, which occurred at a different correctional institution, from which Plaintiff was transferred one month prior to his filing the instant complaint, presents an existing threat of serious physical injury to him. Further, his allegation that the conduct of employees of Gulf C.I. was the result of Secretary Crews' failure to properly train employees is conclusory and thus insufficient to show the type of emergency circumstances contemplated by the "imminent danger of serious physical injury" exception of § 1915(g).

Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *See* Dupree, 284 F.3d at 1236; Vanderberg, 259 F.3d at 1324.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 11th day of June 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:13cv213/RS/EMT